Rel: February 7, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

### CL-2024-0655

_____

**Heather Elizabeth McKelvy**

**v.**

**Hunter Jacob Brazier**

**Appeal from Morgan Circuit Court
(DR-21-900068.01)**

MOORE, Presiding Judge.

Heather Elizabeth McKelvy ("the mother") appeals from a final judgment entered by the Morgan Circuit Court ("the trial court") awarding her and Hunter Jacob Brazier ("the father") joint legal and joint

physical custody of their minor daughter ("the child"). We reverse the judgment and remand the case to the trial court with instructions.

Background

The child was born out of wedlock on December 2, 2020. In a previous civil action, the trial court entered a "pendente lite" order ("the initial child-custody determination") adopting a settlement agreement of the parties, pursuant to which the mother received "primary" physical custody of the child.[1] Furthermore, paragraph 17 of the settlement agreement provided, in pertinent part:

> "Unless a party hereto files [an] ... objection with the Court, on the child's third birthday, the Pendente Lite custody in the mother shall become a Permanent Order of True Joint Custody in both parents. Said custody shall be exercised in a week on week off manner."

Following the entry of the initial child-custody determination, the mother exercised sole physical custody of the child, subject to visitation by the father.

---

[1]We construe the initial child-custody determination as awarding the mother sole physical custody of the child. See Smith v. Smith, 887 So. 2d 257, 262 (Ala. Civ. App. 2003).

On June 1, 2023, the mother commenced the underlying action by filing a complaint entitled "Objection to Custody Change Pursuant to Paragraph 17 of Previously Executed Settlement Agreement." In the complaint, the mother asserted that she had been awarded sole custody of the child in the initial child-custody determination, that the initial child-custody determination could be modified only in accordance with the standard set forth in Ex parte McLendon, 455 So. 2d 863 (Ala. 1984), and that the custody arrangement should not change on the child's third birthday because the father was not "up to the challenge of true joint [physical] custody" and had not "demonstrated a genuine interest in the ... child" and the child "will only be damaged by the exercise of true joint custody." The father filed an answer denying the material allegations of the complaint and asserting that the mother had been awarded only pendente lite custody of the child in the initial child-custody determination and that the permanent custody of the child should be decided in accordance with the best-interests-of-the-child standard. See Rich v. Rich, 887 So. 2d 289 (Ala. Civ. App. 2004).

On April 16, 2024, the trial court conducted a bench trial. During the trial, the parties argued over (1) whether the initial child-custody

3

determination was a final judgment or a pendente lite order; (2) whether the initial child-custody determination contained a void automatic reversionary clause; and (3) whether the McLendon standard or the best-interests-of-the-child standard applied to the modification of the initial child-custody determination. Upon conclusion of the trial, the trial court entered a final judgment providing, in pertinent part:

> "The [mother's] Objection to the Change in Custody filed on June 1, 2023[,] is hereby DENIED. The Agreement of the Parties ... that gives the parties joint legal and joint physical custody upon the minor child's third birthday is adopted by this Court. All other provisions of the settlement agreement are also adopted in this order."

(Capitalization in original.) On May 14, 2024, the mother timely filed a postjudgment motion to alter, amend, or vacate the final judgment, which the trial court denied on July 15, 2024. On August 20, 2024, the mother filed a notice of appeal.

## Issue

The mother argues that the final judgment should be reversed because, she says, the trial court failed to apply the McLendon standard and, instead, enforced a void automatic reversionary clause when it awarded the parties joint legal and joint physical custody of the child.

4

## Standard of Review

Whether an order determining custody contains a void automatic reversionary clause is a question of law that this court reviews de novo. See generally Cleveland v. Cleveland, 18 So. 3d 950 (Ala. Civ. App. 2009). The same appellate standard of review governs the question of the proper custody standard applicable to the case. See Gallant v. Gallant, 184 So. 3d 387, 401 (Ala. Civ. App. 2014).

## Analysis

Although the central issue in the case concerned the meaning and effect of the initial child-custody determination, the parties did not make that determination, or the settlement agreement that it adopted, part of the record on appeal. However, the parties agree as to the wording of paragraph 17 of the settlement agreement, which was incorporated into the initial child-custody determination. Paragraph 17 clearly and unambiguously provides that, upon the child's reaching her third birthday, the sole physical- custody arrangement would automatically transform into a joint physical-custody arrangement unless one of the parties objected. That provision is void under Alabama law because it impermissibly allows for a modification of custody based solely on the

passage of time and without a legal determination that the circumstances existing at the time warrant the modification of custody. See Cleveland, supra (reversing judgment containing void clause purporting to change custody arrangement upon child's reaching first birthday). Paragraph 17 of the settlement agreement was an automatic reversionary clause that was unenforceable as a matter of law. See Daugherty v. Daugherty, 993 So. 2d 8 (Ala. Civ. App. 2008). The trial court erred in expressly adopting that clause and in deciding the custody of the child based on its conclusion that the mother had not presented a valid objection to enforcement of the clause.

The mother argues that the trial court should have decided custody of the child based on the McLendon standard.[2] The McLendon standard applies when a noncustodial parent seeks modification of a final judgment that awarded the other parent sole physical custody of his or

---

[2]Under the standard set forth in Ex parte McLendon, 455 So. 2d 863 (Ala. 1984), the father, as the noncustodial parent, would have had to demonstrate that a material change in circumstances had occurred since the entry of the initial child-custody determination, that a change to joint physical custody would materially promote the child's best interests, and that the benefits of the change would more than offset the disruptive effect of the change in custody. 455 So. 2d at 866. See also Ex parte Cleghorn, 993 So. 2d 462, 468-69 (Ala. 2008).

her child. See Whitehead v. Whitehead, 214 So. 3d 367, 370 (Ala. Civ. App. 2016). On the other hand, when a trial court enters a pendente lite custody order in an initial child-custody dispute, the McLendon standard does not apply, and the controversy between the parents over custody should be decided based on the best interests of the child. Id.

We cannot decide whether the trial court should have applied the McLendon standard in this appeal. At trial, the parties disputed whether the initial child-custody determination was a true pendente lite order that was intended to be in place only during the litigation in the original civil action or whether it was, in substance, a final judgment that triggered the application of the McLendon standard, see Rich, supra, but the trial court did not resolve that dispute; instead, the trial court applied paragraph 17 of the settlement agreement to decide the custody issue. In effect, the trial court never addressed the appropriate custody standard to be applied, and, as a result, this court has no ruling on that issue to review. Under these circumstances, this court must reverse the final judgment and remand the case for the trial court to determine and to apply the appropriate custody standard. See L.W. v. B.C.D., 364 So. 3d 999, 1003 (Ala. Civ. App. 2022).

<u>Conclusion</u>

For the foregoing reasons, we reverse the final judgment and remand the case to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Edwards, Hanson, Fridy, and Lewis, JJ., concur.